UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:22-CR-407 |
|  | ) |  |
| v. | ) | (Judge Kane) |
|  | ) |  |
| JAMES A. COCCAGNA, | ) |  |
| Defendant. | ) | (Electronically Filed) |

## GOVERNMENT'S MOTION TO TRANSFER

The Government respectfully requests that the Court transfer Defendant James A. Coccagna's case from U.S. District Judge Yvette Kane to U.S. District Judge Jennifer P. Wilson, for the following reasons.

1. Defendant James A. Coccagna was charged on November 30, 2022 in a one-count Information alleging conspiracy to commit major fraud against the United States.

2. Defendant James A. Coccagna's case was assigned to Judge Yvette Kane of the U.S. District Court for the Middle District of Pennsylvania.

3. On December 14, 2022, Scott E. Boone, Daniel E. McGuire, Thomas E. Lauer, and Rebecca J. Davis were charged in an eight-count indictment alleging two counts of conspiracy to commit major fraud

against the United States and six counts of major fraud against the United States.

4. The indictment of Scott E. Boone, Daniel E. McGuire, Thomas E. Lauer, and Rebecca J. Davis was assigned to Judge Jennifer P. Wilson of the U.S. District Court for the Middle District of Pennsylvania.

5. Certain counts included in both Defendant James A. Coccagna's Information and the Indictment of Scott E. Boone, Daniel E. McGuire, Thomas E. Lauer, and Rebecca J. Davis are closely related, as they arise from the same conduct in furtherance of an alleged conspiracy.

6. In the interests of justice and to consolidate related matters to a single judge for ease and efficient use of the Court's resources, the Government respectfully requests that Defendant James A. Coccagna's case is transferred from Judge Kane to Judge Wilson for all further proceedings.

7. Pursuant to 28 U.S.C. § 137, district courts with more than one judge may divide and assign cases in accordance with the local rule of the court in that district. Currently, the U.S. District Court for the

Middle District of Pennsylvania does not have a local rule regarding the reassignment of related cases. *See Conklin v. Kane*, 2014 WL 4411593, at *3 n.5 (M.D. Pa. Sept. 5, 2014). However, the U.S. Court of Appeals for the Third Circuit has held that district courts have broad power in the management of cases with respect to timing and other considerations as they proceed through various stages of judicial resolution. *Yakowicz v. Comm. of Pa.*, 683 F.2d 778, 784 (3d Cir. 1982).

    8.    Transferring Defendant James A. Coccagna's case to the judge presiding over a related case involving the same alleged conspiracy will save time, ensure efficiency of justice, and preserve judicial resources.

    9.    Defendant James A. Coccagna concurs in the filing of this motion and the transfer requested.

WHEREFORE, the Government respectfully requests that the Court grant the motion and transfer Defendant James A. Coccagna's case from Judge Kane to Judge Wilson.

                                    Respectfully submitted,

                                    GERARD M. KARAM
                                    United States Attorney

                                    <u>/s/ Ravi R. Sharma</u>
                                    Ravi Romel Sharma
                                    Assistant U.S. Attorney
                                    PA 331135
                                    1501 N. 6th Street, Box 202
                                    Harrisburg, PA 17102
                                    Tel: (717) 221-4482
                                    Fax: (717) 221-4493
                                    ravi.sharma@usdoj.gov

Date: June 13, 2023

## CERTIFICATE OF SERVICE

I certify that on June 13, 2023, I served the foregoing document by electronic service on the following individuals:

Daniel T. Brier, Esq.
dbrier@mbklaw.com

William A. Fetterhoff, Esq.
wfetterhoff@mbklaw.com

/s/ Ravi R. Sharma
Ravi Romel Sharma
Assistant U.S. Attorney